
# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| ASHBURN FAMILY PROPERTIES, LLC,  )  )  )<br>Plaintiff,  )  )<br>vs.  )  )<br>EBR HUNTSVILLE, LLC,  )<br>EBL&S PROPERTY  )<br>MANAGEMENT, INC., AT  )<br>HOME GROUP, INC., and AT  )<br>HOME STORES, LLC,  )  )<br>Defendants.  ) | Civil Action No. 5:15-cv-00650-CLS |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ashburn Family Properties, LLC, commenced this action in the Circuit Court of Madison County, Alabama, against defendants, EBR Huntsville, LLC; EBL&S Property Management, Inc.; At Home Group, Inc.; and, At Home Stores, LLC.  Plaintiff's state-court complaint sought a judgment declaring that a lease and sub-lease are void and asserted a breach of contract claim.[1]  Defendants removed the action to this court on April 17, 2015.[2]  The action presently is before

---

[1] Doc. no. 1-2 (State Court Complaint) ¶ ¶ 22-34.

[2] Doc. no. 1 (Notice of Removal).  This court has stayed defendant At Home Group, Inc.'s motion to dismiss and the motions for summary judgment filed by defendants EBR Huntsville, LLC, and EBL&S Property Management, Inc., pending resolution of the present motion to remand. Doc. no. 22.

the court on plaintiff's motion to remand under 28 U.S.C. § 1332.[3]

Plaintiff contends that defendants failed to establish complete diversity of citizenship, and failed to include all state court pleadings and process with the notice of removal.[4]

## I. LEGAL STANDARDS GOVERNING MOTIONS TO REMAND

Federal district courts are tribunals of limited jurisdiction, "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998)). A removing defendant bears the burden of proving that federal jurisdiction exists. *See, e.g.*, *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001)); *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281

---

[3] Doc. no. 18 (Motion to Remand).
[4] *Id.* at 2.

n.5 (11th Cir. 2001) ("[T]he burden is on the party who sought removal to demonstrate that federal jurisdiction exists.") (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).  Accordingly, removal statutes must be construed narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).  Further, the court must focus upon jurisdictional facts alleged *on the date the case was removed from state court*. *See, e.g.*, *Burns*, 31 F.3d at 1097 n.13 ("Jurisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*.") (emphasis in original) (citations omitted); *see also*, *e.g.*, *Leonard*, 279 F.3d at 972 (same).

## II.  DISCUSSION

**A.   Diversity of Citizenship**

Defendants contend that this court enjoys jurisdiction over this action pursuant to the diversity statute. *See* 28 U.S.C. § 1332(a).  That statute requires complete diversity, meaning each plaintiff is of diverse citizenship from each defendant.[5]

---

[5] Defendants have proven, by a preponderance of the evidence, that the amount in controversy in this case exceeds the statutory minimum. *See* Doc. no. 1, at 8 ("In this action, the value of the 'object of the litigation' is the value of the Lease and Sublease that Plaintiff seeks to void.  In this case, considering the Sublease alone, the amount of rent due is $36,833.33 per month,

*Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Defendants initially determined the citizenship of plaintiff, Ashburn Family Properties, LLC, and two of the defendants, At Home Stores, LLC, and EBR Huntsville, LLC, as if they were corporations, rather than limited liability companies. A corporation is a citizen of both the state in which it is incorporated and the state where its principal place of business is located. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1559 (11th Cir. 1989). "A limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

The Eleventh Circuit dictates a liberal approach with regard to allowing defendants to correct deficiencies in a notice of removal. *See Corporate Management Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (holding that, if a plaintiff moves to remand because of a defendant's failure to adequately allege diversity of citizenship in the notice of removal, the "district court should allow [the defendant] to cure the omission") (internal quotations omitted) (alterations supplied); *see also Payroll Management, Inc. v. Lexington Insurance Co.*, 566 F. App'x 796, 803 (11th Cir. 2004) (permitting defendants to amend their

---

with rent increasing in annual increments. . . .When considered in conjunction with the rent due under the Lease, which currently is at $32,000 annually, and set to increase for the remaining 54 years in the 99-year Lease term. . . , a preponderance of the evidence indicates that the amount in controversy, is more than likely to exceed $75,000.00.") (emphasis in original).

removal notice to properly allege citizenship).

The amended notice of removal shows that plaintiff, Ashburn Family Properties, LLC, has one member: the Estate of James Cecil Ashburn.[6] As stated previously, the citizenship of a limited liability company is determined by the citizenship of its members. *See Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Moreover, the citizenship of an estate is that of the decedent. *Moore v. North America Sports, Inc.*, 623 F.3d 1325, 1327 n.2 (11th Cir. 2010). James Cecil Ashburn was a citizen of Alabama at the time of his death.[7] Therefore, Ashburn Family Properties, LLC, is a citizen of Alabama.

Defendants also corrected the citizenship of the two limited liability company defendants in the amended notice of removal.[8] Defendant At Home Stores, LLC, has one member: At Home Companies, LLC.[9] At Home Companies, LLC, in turn, has one member: Home Holding III, Inc., a Delaware corporation having its principal place of business in Texas.[10] Therefore, At Home Stores, LLC, is a citizen of Delaware and Texas.

Defendant EBR Huntsville, LLC, has two members: Buster, Inc., and NPAEP

---

[6] Doc. no. 23-1, at 2.
[7] *Id.*
[8] *Id.* at 2-4.
[9] *Id.* at 2-3.
[10] *Id.* at 3.

of Delaware, LLC.[11]  Buster, Inc., is a Delaware corporation with its principal place of business in Pennsylvania.[12]  NPAEP of Delaware, LLC, has two members: National Property Management Corporation and the Edward Lipkin Grantor Trust.[13]  National Property Management Corporation is a Nevada corporation with its principal place of business in Pennsylvania.[14]  The settlor of the Edward Lipkin Grantor Trust is a Pennsylvania citizen; each of the three trustees is a Pennsylvania citizen; and, one beneficiary is from Florida, and the other beneficiary is from New York.[15]

Under Eleventh Circuit law, "the citizenship of *trust fund members* is determinative of the existence of diversity of citizenship." *Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co.*, 827 F.2d 1454, 1457 (11th Cir. 1987) (emphasis added).  Whether "trust fund members" includes both trustees and beneficiaries is of no consequence here, because the settlor, trustees, and beneficiaries — *i.e.*, all possible "trust fund members" — are of diverse citizenship from plaintiff, an Alabama citizen.

As defendants stated in both their notice of removal and amended notice of removal, defendant EBL&S Property Management, Inc., is a citizen of Delaware and

---

[11] *Id.*

[12] Doc. no. 23-1, at 3.

[13] *Id.*

[14] *Id.*

[15] *Id.* at 3-4.

Pennsylvania.[16]  Defendant At Home Group, Inc., is a citizen of Delaware and Texas.[17]  All four defendants are diverse from plaintiff, an Alabama citizen, thereby satisfying the statutory requirement of complete diversity.

Accordingly, the motion to remand for lack of complete diversity of citizenship is due to be denied.

### B.   Failure to Include the Entire State Court File with the Notice of Removal

Plaintiff contends that this case should be remanded because At Home Stores "fail[ed] to include all parts of the state court file" in the notice of removal.[18]  Defendants provided copies of all documents served upon them in their amended notice of removal.[19]

Accordingly, the motion to remand on that ground is due to be denied.

### III.  ORDER

In accordance with the foregoing, it is ORDERED that the motion to remand is DENIED.

---

[16] EBL&S Property Management, Inc., is a Delaware corporation with its principal place of business in Pennsylvania. Doc. no. 23-1 (Amended Notice of Removal), at 4.

[17] At Home Group, Inc., is a Delaware corporation with its principal place of business in Texas. Doc. no. 23-1 (Amended Notice of Removal), at 2.

[18] Doc. no. 18 (Motion to Remand), at 6 (alteration supplied).

[19] Doc. no. 23-1 (Amended Notice of Removal).

**DONE** and **ORDERED** this 12th day of August, 2015.

/s/ Lynwood Smith
_____
United States District Judge